IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LASCH d/b/a BUCKS | : | |
| COUNTY ENTERPRISES and | : | |
| EAST COAST MECHANICAL | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-4039 |
| IDEARC MEDIA CORP | : | |
| f/k/a VERIZON DIRECTORIES CORP., | : | |
| ET AL. | : | |

**SURRICK, J.**                                                                            **DECEMBER 7, 2007**

## MEMORANDUM & ORDER

Presently before the Court is Plaintiff Michael Lasch d/b/a Bucks County Enterprises and East Coast Mechanical's Objection To Removal From State And Request To Remand (Doc. No. 4).  For the following reasons, Plaintiff's Motion will be denied.

## I.     BACKGROUND

On September 14, 2007, Plaintiff Michael Lasch filed this lawsuit in the Court of Common Pleas of Bucks County against Defendant Idearc Media Corp. ("IMC"), Defendant Verizon Communications, Inc., and Defendant Verizon Directories Corp.[1]  (*See* Doc. No. 1, Ex. D.)  The Complaint alleged breach of contract (Count 1), negligence (Count 2), and fraudulent misrepresentation (Count 3).  (*Id.*)  The Complaint identifies Plaintiff as "an adult individual doing business as Bucks County Enterprises and East Coast Mechanical with a principal business address of 10 [Granite] Road, Levittown, Bucks County, Pennsylvania."  (*Id.*)

---

[1] Plaintiff incorrectly named Defendant Verizon Directories Corp. as "Verizon Directory Corp."

Defendants are identified as corporations "conducting business in the Commonwealth of Pennsylvania and Bucks County." (*Id*.) The Pennsylvania business address for each Defendant is alleged. (*Id*.)

Defendants IMC, formerly known as "Verizon Directories Corp.," and Verizon Communications, Inc. filed a Notice of Removal (Doc. No. 1) on September 26, 2007. Defendants contend that the district court has diversity jurisdiction in this matter because there is complete diversity among the parties and the amount in controversy exceeds $75,000. (Doc. No. 1 ¶¶ 7, 10.) Defendants allege that Plaintiff is an individual and citizen of the Commonwealth of Pennsylvania (*id*. ¶¶ 3, 7), that Defendant IMC, f/k/a Verizon Directories Corp., is a Delaware corporation with a principal place of business in Texas (*id*. ¶¶ 1, 7), that Verizon Communications Inc. is a Delaware corporation with a principal place of business in Minnesota (*id*. ¶¶ 2, 7), and that Defendant Verizon Communications Inc. withdrew from doing business in Pennsylvania prior to the litigation (*id*. ¶ 2). Defendants also allege that because Plaintiff seeks in excess of $50,000, treble damages, and attorneys' fees, the amount in controversy exceeds the statutory minimum for federal diversity jurisdiction. (*Id*. ¶¶ 9-10.)

On October 18, 2007, Plaintiff filed a motion objecting to removal and requesting remand to the Bucks County Court of Common Pleas asserting that this Court does not have subject-matter jurisdiction. (*See* Doc. No. 4.) Plaintiff's motion requests leave to amend the Complaint. Attached to the motion is a proposed Amended Complaint which purportedly seeks damages of less than $75,000. (Doc. No. 4 ¶ 6.) Plaintiff also suggests that complete diversity does not exist between Plaintiff and Defendants because, as of 2006, Defendants continued to do business in Pennsylvania and entered into a contract with the Plaintiff in Pennsylvania. (*Id*. ¶ 7.)

2

Defendants respond that Plaintiff's motion to remand should be denied because Plaintiff "has failed to provide factual support that the parties are non-diverse, and defendants have submitted public documents manifesting that the parties are, in fact, diverse." (Doc. No. 9 ¶ 9.)  In addition, Defendants argue that based on a reading either of the original Complaint or the proposed Amended Complaint, the amount in controversy exceeds $75,000.  (*Id*. ¶¶ 13-14, 28.)

## II.   DISCUSSION

State-court actions that originally could have been filed in federal court may be removed to federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441).[2]  However, a case removed to federal court shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over the claim.  28 U.S.C. § 1447(c) (2006).  The removing party bears the burden of proving that federal subject matter jurisdiction exists.  *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Jurisdiction in a federal district court may be based upon either: (1) a federal question under 28 U.S.C. § 1331[3] or (2) diversity under 28 U.S.C. § 1332.  The diversity jurisdiction

---

[2] 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (2006).

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331(2006).

3

provision states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States . . . ."  28 U.S.C. § 1332(a) (2006).  In this case, the parties disagree with regard to both of the requirements for diversity jurisdiction.

A.      **Diversity of Citizenship**

Defendants contend that as Delaware corporations with principal places of business in Texas and Minnesota, respectively, they are diverse from Plaintiff, who is a citizen of Pennsylvania.  (Doc. No. 1 at 7; Doc. No. 9 ¶¶ 6-9.)  Plaintiff responds that the parties are not diverse because Defendants continue to do business in Pennsylvania.  (Doc. No. 4 ¶ 7.)

Diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant.  28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c); *see also Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 695 (3d Cir. 1995).  A corporation can only have one principal place of business.  *Campbell v. Associated Press*, 223 F.Supp. 151, 153-154 (E.D.Pa. 1963).  Moreover, a corporation may conduct business in a state of which it is not a citizen.  *See Caciolo v. Am. Aluminum & Insulation Co. of Bethlehem, Inc.*, Civ. A. No. 04-962, 2004 WL 1102811, at *3 n.3 (E.D.Pa. May 13, 2004) ("By its plain terms, 'regular place of business or activity' does not necessarily equate to a corporation's principal place of business."); *Johnson v. Nutrex Research, Inc.*, 429 F.Supp.2d 723, 725 n.1 (D.Md. 2006) ("[T]he mere fact that GNC does business in Maryland *as a foreign corporation* does not make Maryland the company's principal place of business, and therefore would not destroy

4

diversity jurisdiction."). Furthermore, serving a corporation in a particular state does not make that corporation a citizen of the state for purposes of diversity jurisdiction. *See Caciolo*, 2004 WL 1102811, at *3 n.3 ("[S]imply because service is made in Pennsylvania does not necessarily demonstrate that the corporation is a citizen of Pennsylvania.."). Ultimately, "[w]hether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." *Hansen*, 48 F.3d at 695 (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)).

Defendant IMC asserts that it is a Delaware corporation with a principal place of business in Texas. Defendant Verizon Communications Inc. asserts that it is a Delaware corporation with a principal place of business in Minnesota. Defendants support these assertions with documentation in the form of exhibits attached to their Notice of Removal and their response to Plaintiffs' request for remand.[4] Plaintiff offers nothing but a bald denial in response. The parties agree that Plaintiff is a citizen of Pennsylvania. The parties do not agree on whether Verizon Communications Inc. has withdrawn from doing business in Pennsylvania. We note, however, that the determination of whether Verizon Communications Inc. is still doing business in Pennsylvania is not critical to our inquiry.

Under Section 1332(c), corporations have dual citizenship: in the state of incorporation and in the state of their principal place of business. Based upon the documentation provided by

---

[4] Exhibit A, attached to the Notice of Removal, is a copy of a Pennsylvania Department of State Business Entity Filing History which indicates that Verizon Communications, Inc. is a Delaware corporation with principal offices in Minneapolis, Minnesota. (Doc. No. 1, Ex. A.) Exhibit A to Defendants' response to request for remand is a copy of Securities and Exchange Commission Form 8-K indicating that IMC is a Delaware Corporation with its principal offices in Texas. (Doc. No. 9, Ex. A.)

Defendants, it seems apparent that Defendants were incorporated in the State of Delaware and that their principal places of business are Texas and Minnesota, respectively.  Plaintiff's submissions do not discuss Defendants' places of incorporation or their principal places of business.  Rather, Plaintiff focuses on the fact that Defendants do business in Pennsylvania.  However, the fact that Defendants may do business in Pennsylvania does not make Pennsylvania the principal place of business of either corporation.  Nor does it make Defendants citizens of Pennsylvania for diversity purposes.  Under the circumstances, we are compelled to conclude that IMC is a citizen of Delaware and Texas and Verizon Communications Inc. is a citizen of Delaware and Minnesota.  Since Plaintiff is a citizen of Pennsylvania, there is complete diversity among the parties.

### B.      Amount-In-Controversy

Plaintiff next argues that his proposed Amended Complaint would lower the amount in controversy below the statutory minimum.  (Doc. No. 4 ¶ 5-6.)  Specifically, Plaintiff states that his "Amended Complaint does not seek treble damages.  If Plaintiff would be awarded attorney fees the amount in controversy will still be less than $75,000."  (*Id*. ¶ 5.)  Defendants respond that regardless of the changes in Plaintiff's proposed Amended Complaint this Court must determine the amount in controversy based upon Plaintiff's original Complaint, which was in force at the time of removal.  (Doc. No. 9 ¶ 11.)  Defendants assert that it is undisputed that the original Complaint sought damages in excess of $75,000.  (*Id*. ¶ 13.)

A motion for remand will be granted if defendants cannot establish "to a legal certainty that the amount in controversy exceeds the statutory minimum." *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006) (citing *Samuel-Basset v. KIA Motors Am., Inc.,* 357 F.3d 392, 398 (3d Cir.

2004); *see also Bailey v. J.B. Hunt Transport, Inc.*, Civ. A. No. 06-240, 2007 U.S. Dist. LEXIS

16941, at *18 (E.D.Pa. March 8, 2007) ("[I]t is Defendants' burden to prove to a legal certainty

that the amount in controversy exceeds $75,000.").  When a complaint does not limit its request

to a precise monetary amount, the court must make an independent appraisal of the claim's value

to determine whether it satisfies the amount in controversy requirement.  *Angus v. Shiley Inc.*,

989 F.2d 142, 146 (3d Cir. 1993).  "The court must measure the amount 'not . . . by the low end

of an open-ended claim, but rather by a reasonable reading of the value of the rights being

litigated.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus*, 989

F.2d at 146).  Attorneys' fees and costs are excluded from the calculation of the amount in

controversy unless a plaintiff can recover such fees and costs under a specific state statute.

*Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (citing *Missouri State Life Ins. Co. v.*

*Jones*, 290 U.S. 199, 202 (1933).  "In actions seeking declaratory or injunctive relief, it is well

established that the amount in controversy is measured by the value of the object of the

litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

      Whether the amount in controversy requirement has been satisfied is determined from the

face of the plaintiff's complaint.  *Angus*, 989 F.2d at 145; *see also Horton v. Liberty Mut. Ins.*

*Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the

amount in controversy is from the complaint itself . . . .").  Moreover, "a plaintiff following

removal cannot destroy federal jurisdiction simply by amending a complaint that initially

satisfied the monetary floor." *Angus*, 989 F.2d at 145; *see also Albright v. R.J. Reynolds*

*Tobacco Co.*, 531 F.2d 132, 135 (3d Cir. 1976) (quoting *Mercury Indemnity Co.*, 303 U.S. at 292

("And though . . .  the plaintiff after removal, by stipulation, by affidavit, or by amendment of his

pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *Bailey*, 2007 U.S. Dist. LEXIS 16941, at *11 n.7 ("[I]t is clear that a plaintiff may not, after removal, defeat federal jurisdiction by amending his or her pleadings or filing a stipulation to reduce the amount of damages originally sought.").

In his original Complaint, Plaintiff sought "an amount in excess of Fifty Thousand Dollars ($50,000.00) together with reasonable attorney's fees." (Doc. No. 1, Ex. D at 5, 6, 9.) Moreover, Plaintiff sought treble damages for the fraudulent misrepresentation claim under the Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 P.S. § 201 et seq. (*Id*. at 9.) Plaintiff concedes that based upon his original Complaint the amount in controversy exceeds the jurisdictional minimum set forth in Section 1332(a). (*See* Doc. No. 4 ¶ 5 ("It is admitted that Plaintiff's Complaint sought to recover money damages in excess of $75,000.").) Nevertheless, Plaintiff argues that by amending his Complaint "[i]f Plaintiff would be awarded attorney fees the amount in controversy will still be less than $75,000.00." (*Id*.) Plaintiff's proposed Amended Complaint seeks damages in excess of $50,000 for only the breach of contract claim and the negligence claim. (Doc. No. 4, Ex. A.)

Defendants respond that Plaintiff's proposed Amended Complaint is "irrelevant" because district courts must "measure the amount in controversy based on a reasonable reading of the value of the rights being litigated at the time of removal." (Doc. No. 9 ¶¶ 11, 12.)[5] Defendants are correct. The great weight of authority directs that we measure the amount in controversy

---

[5] Defendants argue in the alternative that even if we use Plaintiff's proposed Amended Complaint, the amount in controversy would still exceed $75,000. (*Id*. ¶ 28.) We need not address this argument since plaintiff after removal cannot defeat federal jurisdiction by simply amending the complaint. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

based upon Plaintiff's original Complaint, without reference to Plaintiff's subsequent attempt to amend.  *See Mercury Indemnity Co.*, 303 U.S. at 292; *Angus*, 989 F.2d at 145; *see also Fumo v. Kay*, 1997 U.S. Dist. LEXIS 10788, at *7 (E.D.Pa. July 18, 1997) (finding that although plaintiff abandoned his punitive damages claim and reduced his prayer for damages in an amended complaint, the court was limited to his original complaint for the purposes of determining the amount in controversy); *Townsend v. Monumental Life Ins. Co.*, 2007 U.S. Dist. LEXIS 38011, at *9-10 (N.D.Ga. May 7, 2007) (finding that plaintiff's amended complaint, which reduced the prayer for damages, was irrelevant for purposes of the amount in controversy analysis); *Faircloth v. Nat'l Home Loan Corp.*, 313 F.Supp.2d 544, 548-49 (same).

Plaintiff's  original complaint sought in excess of $50,000 on three counts, treble damages for the fraudulent misrepresentation claim, and attorneys' fees.  The total damages  that Plaintiff sought in the original complaint clearly exceeded the jurisdictional minimum of $75,000.

Accordingly, we conclude that there is complete diversity among the parties in this case and that the amount in controversy exceeds $75,000.  Plaintiff's motion to remand must be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LASCH d/b/a BUCKS | : | |
| COUNTY ENTERPRISES and | : | |
| EAST COAST MECHANICAL | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-4039 |
| IDEARC MEDIA CORP | : | |
| f/k/a VERIZON DIRECTORIES CORP., | : | |
| ET AL. | : | |

**<u>ORDER</u>**

AND NOW, this <u>7th</u> day of December, 2007, upon consideration of Plaintiff Michael

Lasch d/b/a Bucks County Enterprises and East Coast Mechanical's Objection To Removal

From State And Request To Remand (Doc. No. 4), and all documents submitted in support

thereof and in opposition thereto, it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge